# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# (Charlotte Division)
# Civil Action No. 3:10-cv-00094

| | |
|---|---|
| TLV CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DESSELLE-MAGGARD CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**TEMPORARY RESTRAINING ORDER**

**THIS MATTER** comes before the undersigned Judge on Plaintiff TLV Corporation's ("TLV") Motion for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65. The Court having considered the Verified Complaint and the arguments of counsel for the Plaintiff at a hearing on March 4, 2010, and having found that Plaintiff has a likelihood of success on the merits on some or all claims and may suffer immediate and irreparable injury, loss, or damage, including the disclosure of TLV information in Defendant's possession; and having further found that a temporary restraining order is necessary to preserve the status quo during the pendency of this litigation;

**IT IS HEREBY ORDERED THAT** Defendant Desselle-Maggard Corporation, and anyone acting in concert with it or on its behalf, is hereby immediately restrained and enjoined from the following:

(1) Using in any manner any and all TM5 Trapman® hardware units, TrapManager® software, and HASPs provided to Defendant by TLV, to the extent any such items remain in Defendant's possession, custody or control;

(2) Using for Defendant's benefit, disclosing, transmitting (to entities other than Plaintiff), reviewing, distributing, or in any way otherwise misappropriating, any and all surveys and related data in Defendant's possession generated using TLV's diagnostic equipment or technology provided to Defendant by TLV, including any surveys or other data generated through use of any TM5 Trapman® hardware units, TrapManager® software, or HASPs provided to Defendant by TLV.

**IT IS FURTHER ORDERED THAT** Defendant shall provide the following to TLV by Saturday, March 6, 2010, at 12 P.M. EST (11 A.M. CST):

(1) Any and all surveys and related data in Defendant's possession generated using TLV's diagnostic equipment or technology provided to Defendant by TLV, including any surveys or other data generated through use of any TM5 Trapman® hardware units, TrapManager® software, or HASPs provided to Defendant by TLV.

**IT IS FURTHER ORDERED THAT** Plaintiff's' Motion for Preliminary Injunction shall be set to be heard by this Court on March 12, 2010, at 10:30 A.M. EST.

**IT IS FURTHER ORDERED THAT** Plaintiff post security in the principal amount of one thousand U.S. dollars ($1,000.00) for the payment of such costs and damages as may be incurred or suffered by Defendant if it is later found that he was wrongfully enjoined or restrained by this Order.

Defendant is hereby notified of his obligation to preserve evidence relevant to this litigation. Any deletion, alteration or destruction of information or material in violation of this Order can result in Defendant being held in contempt. Further, such action can result, without

limitation, in an order from this Court that any information or material deleted, altered or destroyed would have supported the allegations against Defendant in the Verified Complaint.

Unless otherwise extended by agreement of the parties or by Order of this Court, this Order will expire within fourteen (14) days from the day and time of its issuance.

Signed: March 5, 2010

Graham C. Mullen
United States District Judge